UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL FANION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 13-11219-DPW |
| | ) |
| O ICE, LLC, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER
April 4, 2016

While defendant's motion for summary judgment in this case was under advisement, this court was advised that plaintiff's counsel had been suspended by the Supreme Judicial Court from the practice of law in Massachusetts. Plaintiff's counsel has not been heard from since. I have afforded the plaintiff an extended period of time to find a new lawyer. After requesting and receiving a 30 day extension to do so (in addition to the two month period I initially allowed), plaintiff has not been heard from either. I now choose to act on the motion for summary judgment, granting relief to the defendant. In doing so, I note that plaintiff's want of prosecution provides an independent cause to enter judgment for the defendant.

This case arises from a slip and fall accident at a Friendly's restaurant. The defendant leased the premises to Friendly's under a lease arrangement that placed maintenance responsibilities on Friendly's. Massachusetts law is clear that a commercial landlord is not liable when the tenant has taken on the responsibility for maintaining the premises. *See, e.g. Humphrey* v. *Byron,* 447

Mass. 322 (2006); *Sheehan* v. *El Johnan*, 38 Mass. App. Ct. 975 (1995); *Agustynowicz* v. *Bradley*, 25 Mass. App. Ct. 405 (1988).  The defendant here did not contract to make any repairs to the premises and did not maintain control over them.  The landlord was not given notice of any unsafe condition.  Under these circumstances, the defendant is entitled to summary judgment.

After the motion for summary judgment was filed, but before he disappeared, plaintiff's counsel moved to amend the complaint by adding an unidentified party, suggesting that perhaps an unnamed insurance company might be pursued for damages.  But no identification of this new party was ever forthcoming.  Moreover, it is unlikely that plaintiff could proceed directly against a liability insurer in this circumstance.  The motion to amend is futile and will not be granted.

In the last analysis, this is a case without merit that the plaintiff has abandoned and judgment can justifiably be granted to the defendant on alternative grounds of want of prosecution by the plaintiff.

Accordingly, defendant's motion (Dkt. No. 17) for summary judgment is hereby GRANTED and plaintiff's motion (Dkt. No. 21) to amend the complaint is hereby DENIED.  The Clerk is directed to enter judgment for the defendant upon this Memorandum and Order.

        */s/ Douglas P. Woodlock*\_\_\_\_\_
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE